United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRIAN WHITAKER,** | Case No.: 21-cv-6673-YGR |
| Plaintiff, | **AMENDED ORDER DENYING MOTION TO DISMISS AND TO STRIKE** |
| **vs.** | Re: Dkt. No. 10 |
| **UMA & TEJ INC.,** | |
| Defendant. | |

Plaintiff Brian Whitaker brings this action against defendant Uma & Tej, Inc., the alleged owner of the restaurant Biryani Kabab in Oakland, California.  Plaintiff alleges two causes of action: (1) violation of the American Disabilities Act of 1990 ("ADA"), 42 U.S.C. section 12101, *et. seq.*; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code Section 51-53 ("Unruh Act").

Now pending before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6).  Additionally, defendant requests that the Court strike plaintiff's prayer for statutory minimum damages on the basis that the Unruh Act's statutory minimum damages provision is unconstitutional under the Supremacy Clause.  Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** both the motion to dismiss and the request to strike.[1]

**I. BACKGROUND**

The complaint (Dkt. No. 1) alleges as follows:

Plaintiff is a quadriplegic who suffers from a C-4 spinal cord injury and uses a wheelchair for mobility.  (Compl. ¶ 1.)  When plaintiff visited defendant's restaurant in August 2021, defendant

---

[1]  The Court has reviewed the papers submitted by the parties in connection with defendant's motion to dismiss.  The Court has determined that the motion is appropriate for decision without oral argument.  *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991).  Accordingly, the Court **VACATES** the hearing scheduled for January 11, 2021.

United States District Court
Northern District of California

1 "failed to provide wheelchair accessible outside dining surfaces in conformance with the ADA

2 Standards as it relates to wheelchair users like the plaintiff."  (*Id.* ¶¶ 8, 10.)  The restaurant "provides

3 dining surfaces to its customers but fails to provide wheelchair accessible outside dining surfaces."

4 (*Id.* ¶ 11.)  "One problem that plaintiff encountered was the lack of sufficient knee or toe clearance

5 under the outside dining surfaces for wheelchair users."  (*Id.* ¶ 12.)  Plaintiff alleges that "[b]y failing

6 to provide accessible facilities, the defendant[ ] denied the plaintiff full and equal access."  (*Id.* ¶ 16.)

7 Plaintiff now seeks injunctive relief under the ADA and damages under the Unruh Act.

8      Defendant's co-chief executive officer Uma Devi Kandel submits a declaration in support of

9 the motion, averring that at the time defendant acquired the restaurant in 2017, the previous owner

10 had placed an umbrella, two small tables (31 x 31 inches each in surface size), and four chairs

11 outside.  (Declaration of Uma Devi Kandel, Dkt. No. 13, ¶ 7.)  Ms. Kandel "had heard that they used

12 to serve food as well on those tables.  However, we decided not to serve food outside because we

13 were limited in number of servers and we did not want our serves to do in and out.  Therefore, we

14 took off those umbrellas."  (*Id.*)  Because the restaurant "did not have enough storage space to store

15 those two tables and four chairs," they were left outside with the chairs placed on top of the tables.

16 (*Id.* ¶ 8.)  During the pandemic, the chairs were removed from the top of the tables, and the tables

17 were used to facilitate contactless delivery of food for takeout.  (*Id.* ¶ 9.)  Ms. Kandel further states:

18 "We never intended to serve food to any customers on those outside tables and we never served food

19 there. . . . [All our] dining tables are located only inside."  (*Id.* ¶¶ 11–12.)  After receiving notice of

20 the lawsuit, defendant "removed both tables and all four chairs from the outside area."  (*Id.* ¶ 16.)

21 **II.  LEGAL STANDARD**

22     **A.  FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

23      Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a

24 complaint for lack of subject matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial

25 or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack,

26 the challenger asserts that the allegations contained in the complaint are insufficient on their face to

27 invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the

28 allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

United States District Court
Northern District of California

**B.  FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.  ANALYSIS**

Defendant moves for dismissal on four grounds: (1) plaintiff fails to state a claim under the ADA; (2) plaintiff lacks Article III standing; (3) the Unruh Act claim raises novel and complex issues under state law that counsel against exercising supplemental jurisdiction; and (4) the Unruh Act's statutory minimum damages provision is unconstitutional.  The Court finds that none of the asserted grounds warrant dismissal primarily because defendant challenges the factual basis of the complaint which is not properly considered at this stage.

First, with respect to the challenge that plaintiff lacks Article III standing, defendant argues that plaintiff fails (a) to allege an injury-in-fact; (b) to show a causal connection between his purported injury and defendant's conduct; and (c) to plead that his purported injury will be redressed by the requested relief.[2]  The bases for these arguments are factual.  Defendant asserts that the outside tables encountered by plaintiff were not offered for dining purposes and that even if he attempted to sit there, a staff member "would come out and say, 'Sir, we apologize but we don't serve food in these tables to anyone.'"  (Mtn. at 12.)  Although defendant may mount factual attacks on jurisdiction, where the asserted facts are intertwined with the merits, as is the case here, the Court will refrain from deciding the facts at this juncture.  *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F. 3d 1090, 1094 (9th Cir. 2008) ("As a general

---

[2]  In order to establish Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

3

rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.").

Defendant also challenges standing by questioning whether plaintiff, in fact, visited the restaurant or whether his plan to return is sufficiently concrete for purposes of showing an imminent future harm to seek injunctive relief.  However, plaintiff alleges that he visited the restaurant in August 2021, and the Court must accept this allegation as true at this early stage.  Furthermore, the Ninth Circuit has stated that allegations that disabled plaintiffs intend to visit a place of public accommodation but are deterred from doing so by non-compliance with the ADA have standing to assert injunctive relief claims.  *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

Relatedly, defendant argues that the case is moot because it has removed the outdoor tables and therefore the challenged conduct will not reoccur.  "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing." *John v. Case Ventures*, No. 19-cv-2876 (EJD), 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020).  In that situation, the court no longer has subject matter jurisdiction over the claim.  *Id.*  "Of course, '[a] defendant claiming that its voluntary compliance moots a case bears a formidable burden.'"  *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 170 (2000)).  While there is nothing in the record to undermine defendant's representation, the Court finds that defendant's word, without more, is not sufficient to establish mootness, particularly given the non-structural nature of the purported remediation.  *See, e.g., Johnson v. Young*, No. 17-CV-1642 (KJM), 2018 WL 1875698, at *4 (E.D. Cal. Apr. 19, 2018) (finding violations likely to recur "consider the relatively small-scale and arguably temporary remediation efforts"); *Rocca v. Jalidat, Inc.*, No. 17-CV-527 (DMG),  2017 WL 10562626, at *5 (C.D. Cal. Sept. 13, 2017 (contrasting the strong mooting effect of structural remediations versus the lessened mooting effect of non-structural remediations); *cf. Sanchez v. Wendy's No. 7421*, No. 19-cv-111 (JLS), 2019 WL 6603177, at *2 (C.D. Cal. Sept. 3, 2019) ("Defendant's evidence amply demonstrates that the changes are more than feeble or temporary fixes.  Indeed, Defendant's remediations are literally set in stone, and the alleged violations are therefore highly unlikely to

occur.").  Accordingly, the motion to dismiss the ADA cause of action for lack of standing is **DENIED**.

Second, with respect to the challenge that plaintiff fails to state an ADA claim, defendant argues that plaintiff fails to plausibly allege (a) a public accommodation as the outdoor dining surfaces encountered by plaintiff do not fall within that definition; (b) that he was treated differently than non-wheelchair customers; and (c) that he was denied access on the basis of his disability.[3] Again, defendant asserts a single factual premise to advance these arguments: the outdoor dining surfaces encountered by plaintiff were not, in fact, offered for dining purposes.  However, this is a fact issue that may not be resolved at the pleading stage, when the allegations must be taken as true. Here, plaintiff alleges that he encountered an outdoor dining surface that lacked sufficient knee or toe clearance for wheelchair users.  (Compl. ¶ 12.)  This is sufficient to state a claim under the ADA. *See, e.g.*, *Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-3714 (JCS), 2021 WL 4133871, at *3 (N.D. Cal. Sept. 10, 2021) (denying motion to dismiss complaint based on the same allegation); *Johnson v. Fogo de Chao Churrascaria (San Jose), LLC*, No. 21-CV-2859 (BLF), 2021 WL 3913519, at *5 (N.D. Cal. Sept. 1, 2021) (same).  Whether the dining surface plaintiff encountered was simply a table for picking up takeout orders is a question of fact.  Accordingly, the motion to dismiss the ADA cause of action for failure to state a claim is **DENIED**.

Third, with respect to the argument that the Court should decline to exercise supplemental jurisdiction of the Unruh Act claim, defendant contends that novel and unusual issues are present to warrant dismissal of the same.[4]  However, defendant does not identify any such issues.  Moreover,

---

[3]  To establish a claim under Title III of the ADA, plaintiffs must show that (1) they are disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiffs were denied full and equal treatment by defendant because of the disability.  *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

[4]  District courts have discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or

United States District Court
Northern District of California

because the ADA cause of action survives and because the Unruh Act claim is predicated on the purported ADA violation, it is more efficient for a single court to hear both claims. Accordingly, the motion the Unruh Act cause of action is **DENIED**.

Finally, with respect to the argument that the Court should strike plaintiff's request for statutory minimum damages, defendant contends that Unruh Act's provision for statutory minimum damages as unconstitutional under the Supremacy Clause. Under Federal Rule of Civil Procedure 5.1, a party challenging the constitutionality of a state statute must "file a notice of constitutional question" and notify the state attorney general if "the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity." Fed. R. Civ. P. 5.1(a). Defendant filed a notice of constitutional question pursuant to Rule 5.1(a). (Dkt. No. 16.) When a party files a notice of constitutional question, the Court "must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b).

The Court concludes that Section 2403 does not apply here, and therefore **DECLINES** to certify to the California Attorney General that a statute has been questioned. "The validity of a statute is not drawn in question every time rights claimed under such statute are controverted." *United States v. Lynch*, 137 U.S. 280, 285 (1890). Rather, the validity of a statute is drawn in question only when the "constitutionality, or legality of such statute or authority is denied, and the denial forms the *subject of direct inquiry.*" *Id.* (emphasis supplied). The issue of whether defendant's failure to provide wheelchair accessible outdoor dining seating violates the Unruh Act, which is "the subject of direct inquiry" in this case, does not "draw in question" the constitutionality of the Act's statutory minimum damages provision. *See* 28 U.S.C. § 2403(b). Accordingly, having declined to certify the constitutional challenge, the Court hereby **DENIES** the request to strike plaintiff's prayer for minimum statutory damages.

//

//

_____

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**IV.  CONCLUSION**

For the foregoing reasons, the motion to dismiss and strike is **DENIED**.  Defendant shall file an answer within 21 days after the date of this Order.[5]

This Order terminates Docket Number 10.

**IT IS SO ORDERED.**

Date:   January 7, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5]  Defendant's request for judicial notice that plaintiff has been filing several lawsuits in California's district court and media articles about the same is **DENIED**.  The fact that plaintiff may be a serial litigant has no bearing on any of the issues raised by the motion.