United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**BRIAN WHITAKER,**
Plaintiff,

v.

**UMA & TEJ, INC.,**
Defendant.

Case No. 4:21-cv-06673-YGR

**ORDER OF CONDITIONAL DISMISSAL**

Re: Dkt. No. 35

**TO ALL PARTIES AND COUNSEL OF RECORD:**

This District's General Order 56 which governs claims brought pursuant to the Americans with Disabilities Act ("ADA") is well-known and established. Counsel for plaintiff has brought thousands of these cases and should be prepared to prosecute these cases in accordance therewith. This Court requires compliance with General Order 56 and its own Standing Order in Civil Cases. Having too many cases to manage is not an adequate justification for non-compliance.

**ACCORDINGLY, THE COURT ORDERS AS FOLLOWS:**

**I. EXTENSIONS**

☐ The request to extend the General Order 56 deadline(s) is DENIED:

☐ The request was not timely filed one week in advance of the deadline as required by the Court's Standing Order in Civil Cases.

☐ The request was made after the deadline has passed and no good cause is shown to justify the delay.

☐ The request fails to make a particularized showing of good cause to support the request.

☐ See Order to Show Cause below.

☐ The request to extend the General Order 56 deadlines(s) is GRANTED because good cause is shown.

☐ The deadline(s) are modified consistent with the request.

☐ The deadline(s) are modified as follows:

United States District Court
Northern District of California

☐ The request to reopen the case or extend the deadline to reopen the case is DENIED.

☐ It appears that the parties have not met and conferred as to the issue.

☐ No particularized showing of good cause has been made.

☐ The request is untimely.

☐ See Order to Show Cause below.

☐ Good cause appearing, the request to reopen the case or extend the deadline to reopen the case is GRANTED. The Court HEREBY ORDERS:

## II. COMPELLING OR STAYING COMPLIANCE WITH GENERAL ORDER 56

☐ The request to compel compliance with the requirements of General Order 56 is DENIED.

☐ The request fails to make any showing of good cause.

☐ It appears that the parties have not been cooperating. Given Rule 1 and Rule 11 obligations, the parties are directed to meet and confer and devise a solution. Failure to cooperate may lead to appropriate sanctions.

☐ See Order to Show Cause below.

☐ The request to compel compliance with the requirements of General Order 56 is GRANTED. The Court HEREBY ORDERS:

☐ The request to stay or relieve the parties of General Order 56 is DENIED.

☐ The request fails to make any showing of good cause.

☐ The request is untimely and there is no good cause shown to grant the request nunc pro tunc.

☐ The case appears to be proceeding as contemplated by General Order 56.

☐ See Order to Show Cause below.

☐ Good cause appearing, the Court HEREBY relieves the parties of the requirements of General Order 56 as follows:

## III. CONDITIONAL ORDER OF DISMISSAL

☒ The plaintiff or parties to this action, by and through counsel, have/has advised the

Court the parties have agreed to settlement. Based thereon, the matter is DISMISSED WITH PREJUDICE and any hearings and deadlines in this matter are VACATED. It is further ordered that if any party certifies to the Court, with proper notice to all other parties, within Ninety (90) days from the date of this Order, that the case should be reopened, this Order shall be vacated and this case shall be restored to the calendar for further proceedings.

## IV. ORDER TO SHOW CAUSE

TO :

☐ Prosecution of the case has failed to comply with the deadlines set forth by General Order 56. The purpose of General Order 56 is to provide efficient and cost-effective procedures for parties to attempt to resolve genuine disputes arising under the ADA. Failure to comply with those procedures threatens to undermine the important civil rights claimed to be vindicated when scores of ADA claims are filed without prosecution. Therefore, you are HEREBY ORDERED TO SHOW CAUSE in writing no later than , why this case should not be dismissed for failure to prosecute. Failure to timely file a substantive written response will result in the case being dismissed.

☐is HEREBY ORDERED TO SHOW CAUSE in writing no later than why a $250.00 sanction should not be assessed for failure to comply with General Order 56 and/or other Court order.

☐ A federal court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When a "high-frequency" litigant such as plaintiff asserts a California Unruh Act claim in federal court with an ADA claim, this typically constitutes an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See, e.g.*, *Arroyo v. Rosas*, 19 F.4th 1202, 1211-14 (9th Cir. 2021). In light of the foregoing, plaintiff is HEREBY ORDERED TO SHOW CAUSE why this Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim given the infancy of this case. Plaintiff shall file a written response to this order to show cause no later than Failure to respond in writing will result in the Unruh Act claim being dismissed without prejudice to it being refiled in state court.

## V. MISCELLANEOUS COURT ADMINISTRATION

☐ This Order Terminates Docket Number(s):

☐ The Clerk is DIRECTED to terminate the case.

☐ This Clerk is DIRECTED to reinstate the case on the Court's docket.

**IT IS SO ORDERED.**

Dated: June 29, 2022

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE